IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Angela Foppiani, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   15 C 6373 |
| | ) | |
| Penn Credit Corporation, a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Angela Foppiani, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Angela Foppiani, ("Foppiani"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed an ambulance service, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Penn Credit Corporation ("Penn"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Penn operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Penn was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Penn is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Penn is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

### FACTUAL ALLEGATIONS

7. Ms. Foppiani is a senior citizen, with limited assets and income, who fell behind on paying her bills, which caused her to be unable to pay a debt she allegedly owed for ambulance service. When Penn began trying to collect this delinquent debt from Ms. Foppiani, by sending her a collection letter dated March 3, 2015, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding Penn's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on April 23, 2015, one of Ms. Foppiani's attorneys at LASPD informed Penn, in writing, that Ms. Foppiani was represented by counsel, and directed Penn to cease contacting her, and to cease all further collection activities because Ms. Foppiani was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the fax confirmation and are attached as Exhibit D.

9. Nonetheless, Defendant Penn sent a collection letter, dated April 28, 2015, directly to Ms. Foppiani, which demanded payment of the same debt. A copy of this collection letter is attached as Exhibit E.

10. Defendant Penn's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Penn's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Foppiani's, agent/attorney, LASPD, told Defendant Penn to cease communications and cease collections (Exhibit D). By

continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Penn violated § 1692c(c) of the FDCPA.

15. Defendant Penn's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Penn knew that Ms. Foppiani was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Penn to cease directly communicating with her. By directly sending Ms. Foppiani the April 28, 2015 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Penn violated § 1692c(a)(2) of the FDCPA.

19. Defendant Penn's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Angela Foppiani, prays that this Court:

4

1.      Find that Defendant Penn's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Foppiani, and against Defendant Penn, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angela Foppiani, demands trial by jury.

                    Angela Foppiani,

                    By: /s/ David J. Philipps
                    One of Plaintiff's Attorneys

Dated: July 21, 2015

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com